ONG FOO v. NAGLE, Com'r of Immigration.

Circuit Court of Appeals, Ninth Circuit. November 14, 1927.

No. 5206.

1. Aliens ⬤⟶32(18)—Contradictions in testimony of convicted Chinese, sought to be deported, held to render incredible claim that he had been born in United States (Act Feb. 9, 1909, § 2, subd. [c], as amended by Jones-Miller Act May 26, 1922, § 1 [21 USCA § 174]; Harrison Anti-Narcotic Drug Act [Comp. St. §§ 6287g–6287q]; General Immigration Act 1917 [Comp. St. § 4289¼ et seq.]).

In proceedings to deport Chinese person on ground that he was an alien and had been convicted and sentenced under Act Feb. 9, 1909, § 2, subd. (c), as amended by Jones-Miller Act May 26, 1922, § 1 (21 USCA § 174), and Harrison Anti-Narcotic Drug Act (Comp. St. §§ 6287g–6287q), and had served a sentence thereunder in excess of one year duration, and was therefore subject to arrest and deportation under General Immigration Act 1917 (Comp. St. § 4289¼ et seq.), held, that contradictions in his testimony, and discrepancies between his testimony and that of his only witness, rendered incredible his claim to have been born in the United States, on which he based his right to remain in the country.

2. Aliens ⬤⟶29—Recital of certificate of residence that holder was "native-born" held without probative force in deportation proceedings (Act May 5, 1892, § 6, as amended by Act Nov. 3, 1893, §§ 1, 2 [8 USCA §§ 287, 289]).

Recital in certificate of residence issued to holder as a Chinese laborer, under Act May 5, 1892, § 6, as amended by Act Nov. 3, 1893, §§ 1, 2 (8 USCA §§ 287, 289), that holder was "native-born," held of no probative force to show citizenship in deportation proceedings, since such certificate is not an adjudication, and holder thereby acquires no right to be or remain in the United States, except by permission of Congress.

3. Aliens ⚖=29—Certificate of residence may be annulled in deportation proceeding by proof that holder has forfeited his right to remain (Act May 5, 1892, § 6, as amended by Act Nov. 3, 1893, §§ 1, 2 [8 USCA §§ 287, 289]).

Though certificate of residence issued to holder as Chinese laborer under Act May 5, 1892, § 6, as amended by Act Nov. 3, 1893, §§ 1, 2 (8 USCA §§ 287, 289), is not subject to attack in collateral proceeding, it may be annulled in a proceeding for deportation, by proof that since its issuance the holder has forfeited his right to remain in the United States.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Habeas corpus by Ong Foo against John D. Nagle, as Commissioner of Immigration for the Port of San Francisco, Cal. From an order discharging the writ, and remanding petitioner to the custody of the immigration authorities, petitioner appeals. Affirmed.

Alleging that he was a citizen, and as such entitled to be and remain in the United States, the appellant obtained in the court below a writ of habeas corpus to test the validity of a warrant under which he was about to be deported to China on the ground that he was an alien and had been convicted and sentenced under subdivision (c), section 2, of the Act of February 9, 1909, as amended by the Act of May 26, 1922 (21 USCA § 174).

The return to the writ by the appellee herein alleged that the appellant was an alien and had been convicted of violation of the Jones-Miller Opium Act and the Harrison Anti-Narcotic Drug Act (Comp. St. §§ 6287g–6287q), and sentenced thereunder, and had served a sentence in excess of one year duration, and was therefore subject to arrest and deportation under the terms and provisions of the general Immigration Act of Feb. 5, 1917 (Comp. St. § 4289¼a et seq.). The case was tried upon testimony taken before the court below and upon the proceedings had in the Immigration Service, upon which the warrant of deportation had been issued. In those proceedings appeared the sentences of two years' imprisonment on each count, and the recital of the order of the court that the immigration authorities be furnished a copy of the judgment, together with a copy of the recommendation that Ong Foo be deported to China upon the expiration of sentence imposed.

The records of the Immigration Department showed that the appellant's claim of citizenship was denied, upon evidence which tended to show that he was the person who, under the name of Tang Yam Lung, had on February 21, 1921, entered the United States as an alien Chinese merchant. Upon the hearing in the court below it was ordered that the writ of habeas corpus be discharged, and the appellant remanded to the custody whence he was taken.

George A. McGowan, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] We find it unnecessary to pass judgment on the issue upon which the decision of the immigration officials was based. Irrespective of the question of the identity of the appellant with Tang Yam Lung, the record utterly fails to establish the appellant's claim to have been born in the United States. The testimony on that branch of the case consists of that which was taken in the court below and the two several depositions of the appellant, which were taken about two years prior thereto on proceedings before the Immigration Department. In the court below the appellant testified that he was born at 761 Clay street, in San Francisco; that he resided there with his parents until he reached the age of 5 years, when they took him to China; that his parents never returned to the United States, and that at the age of 11 he was brought back to the United States by an uncle, and thereafter never returned to China. Ong Hoy, whom he produced as a corroborating witness, testified that he also was born at 761 Clay street at about the time of the appellant's birth; that he knew the appellant and his father and mother, and that he and his own father and mother lived in the same building with them, each family having a small room; and that the appellant, after returning from China, lived again with his parents at 761 Clay street. He denied that the appellant had brothers or sisters, and testified that he never heard him speak of either.

In conflict with the appellant's testimony in court, and discredited by it, was his testimony when examined before the immigration officials. On February 28, 1924, he testified before an inspector that he was born in San Francisco, at 706 Clay street; that he had two brothers, but no sisters; that his broth-

ers had later died in China. When examined again on June 5, 1924, he testified that he was born at 706 Clay street; that it was a two-story brick building, the lower story occupied as a store; that his family lived in the second story; that no other family lived in the building; that he had two brothers born in San Francisco, one older and one younger than he; that he had two sisters still living; and that, after he returned from China, he again lived at 706 Clay street for a period of seven or eight years.

It will be seen that, so far from sustaining the burden of proof which rested upon the appellant (Chin Bak Kan v. United States, 186 U. S. 193, 22 S. Ct. 891, 46 L. Ed. 1121; Chin Ah Yoke v. White [C. C. A.] 244 F. 940), the contradictions in his testimony and the discrepancies between his and that of his only witness were such as to render incredible his claim to have been born in the United States.

[2] The appellant relies upon the certificate of residence issued to him as a Chinese laborer May 3, 1894, at Sacramento under the provisions of the Act of May 5, 1892, as amended by the Act of November 3, 1893 (8 USCA §§ 287, 289), which recited that the applicant was 24 years of age, and bore across one of its lines the written words "native-born." Under the authority to issue such a certificate, there was vested no power in the certifying officer to pass upon the question of the applicant's citizenship, and the words "native-born" can have no probative force. All that the statute required was that the certificate should contain the name, age, legal residence, and occupation of the applicant, and such other description as might be prescribed by the Secretary of the Treasury.

[3] Such a certificate is not an adjudication (White v. Chan Wy Sheung [C. C. A.] 270 F. 764), and thereby the appellant acquired no right as a denizen or otherwise to be or remain in the United States, except by the permission and sufferance of Congress (Fong Yue Ting, 149 U. S. 698, 13 S. Ct. 1016, 37 L. Ed. 905); and while such a certificate is not subject to attack in a collateral proceeding, it may be annulled in a proceeding for deportation by proof that since its issuance the holder has forfeited his right to remain in the United States (Hee Fuk Yuen v. White [C. C. A.] 273 F. 10; Ex parte Jim Hong [C. C. A.] 211 F. 73).

If, as the appellant contends, the warrant, in reciting that he is a person likely to become a public charge, is erroneous for want of evidence to sustain it, the error is not such as to affect the validity of the order of deportation, based as it was on the other ground.

The judgment is affirmed.