## BARBER v. FORSYTH.

Court of Appeals of District of Columbia.

Submitted November 22, 1927. Decided December 5, 1927.

No. 1954.

1. Patents ☞106(3)—Junior party in interference proceeding has burden of proof.

In an interference proceeding, a junior party must bear the burden of proof.

2. Patents ☞91(4)—Senior party held entitled to priority as to inventions relating to disk wheel for automobiles.

Senior party, in interference proceeding involving, inventions relating to disk wheels for automobiles, held entitled to priority.

Appeal from the Commissioner of Patents.

Interference proceeding between William Barber and George H. Forsyth. Decision for the latter, and the former appeals. Affirmed.

S. E. Darby, of New York City, and C. M. Thomas and F. D. Thomas, both of Washington, D. C., for appellant.

L. T. Greist, of Chicago, Ill., and J. H. Milans and C. T. Milans, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. An appeal in an interference proceeding. This proceeding originally involved three several interferences; they were heard jointly, and were thereupon consolidated into a single interference comprising 36 counts. The inventions relate to disk wheels for automobiles; the following counts are copied as illustrative:

"1. In a wheel, the combination of a hub portion, a tire-carrying portion, a medial disk portion provided with a step adjacent its periphery, and a tire-retaining member having a fulcrum bearing at its inner edge upon the step."

"6. In a disk wheel of the class described,

the combination with the hub, and a demountable rim, of a disk body centrally supported at the hub and peripherally providing a rear abutment for the rim, and a member adjustably connected to the disk and acting on the rim in cooperation with the abutment to position and inwardly support the same."

"13. In a wheel, a steel disk body yieldable in the plane of the wheel, in combination with a peripheral member confining the disk under radial compression."

The counts accordingly include the requisite features of a radially yieldable disk and a rim so associated with it as to impose a radial stress upon the disk, as well as upon the tire rim.

[1] Forsyth's applications, two of which have been patented, originated in an application filed November 26, 1918. Barber's application was filed March 29, 1920; he is accordingly the junior party, and must bear the burden of proof.

The questions involved in the case are questions of fact, and the Examiner of Interferences, after hearing the evidence, awarded priority to Forsyth; his decision reading in part as follows:

"Barber does not argue that he was diligent from his adversary's conception date of August 6, 1918, until Barber's filing date, and could not very reasonably so argue. There is a sharp controversy as to whether he was diligent even up to the making of wheel No. 1, about March, 1919. This controversy largely centers about the availability of steel during the war and shortly afterwards. But whether or not Barber was diligent until March, 1919, when he obtained steel, certainly he was dilatory in not filing an application until one year later."

Upon an appeal taken by Barber the Examiners in Chief affirmed the decision of the Examiner of Interferences, and especially denied Barber's claim of inability to secure funds or steel material as an excuse for his lack of diligence. The Board's decision was in turn affirmed by the Commissioner of Patents, whereupon the present appeal was taken.

[2] The questions arising in the case are questions of fact only. We think it needless to enter into a detailed discussion of the evidence in the record, which is fully and fairly reviewed by the opinions rendered below. We therefore content ourselves with saying that we are convinced that Barber has not discharged the burden of proof resting upon him, and the decision of the Commissioner of Patents is therefore affirmed.

Submitted November 22, 1927. Decided December 5, 1927.