## TOM UNG CHAI v. BURNETT, Immigration Inspector.

Circuit Court of Appeals, Ninth Circuit. April 16, 1928.

No. 5265.

1. Aliens ⊜═32(5)—Chinese person sought to be deported had burden of proving right to remain in United States under claim of citizenship (8 USCA § 284).

Under Act May 5, 1892, § 3 (8 USCA § 284), Chinese person sought to be deported, who claimed American citizenship because of having been born in Honolulu, had burden of proving to court's satisfaction his right to remain in the United States.

2. Aliens ⊜═32(12)—Chinese person having denied making admissions to immigration authorities discrediting his citizenship claim, question of duress was not presented on review.

Where Chinese person sought to be deported and his witness denied having made any admissions to immigration authorities, which, if true, discredited his claim to American citizenship by having been born in Honolulu, question whether such admissions were made under duress was not presented for appellate court's consideration.

**3. Appeal and error ⬦⟶961—Whether dedimus potestatem is necessary to prevent failure or delay of justice is for trial court to determine (28 USCA § 644).**

Whether an order granting dedimus potestatem, under 28 USCA § 644, is necessary to prevent a failure or delay of justice, is for the trial court to determine on facts presented.

**4. Depositions ⬦⟶12—Denial of dedimus potestatem to take testimony in China of mother of Chinese sought to be deported, on issue of citizenship, held not abuse of discretion (28 USCA § 644).**

In proceeding to deport Chinese person claiming American citizenship, denial of his motion for an order of dedimus potestatem under 28 USCA § 644, to take the testimony of his mother in China, who would testify, he deposed, that he was born in Honolulu, held not abuse of discretion, in absence of showing that other evidence was not available to prove such alleged fact.

**5. Aliens ⬦⟶32(8)—Discrepancies in testimony of Chinese person held to justify his deportation on ground he was not born in United States.**

Discrepancies between testimony of Chinese person claiming American citizenship by birth in Honolulu at the time he was admitted to Hawaiian Islands, and his testimony three years later, in deportation proceeding against him, held to justify his deportation on the ground that he was not born in United States as claimed.

Appeal from the District Court of the United States for the Territory of Hawaii; William T. Rawlins, Judge.

Deportation proceeding by A. E. Burnett, as Immigration Inspector of the United States for the Territory of Hawaii, against Tom Ung Chai, alias Tom Gum Hin. From a judgment ordering his deportation, said Tom Ung Chai appeals. Affirmed.

Robertson & Castle and Arthur Withington, all of Honolulu, Hawaii, for appellant.

Sanford B. D. Wood, U. S. Atty., and Charles H. Hogg, Willson C. Moore, and Griffith Wight, Asst. U. S. Atty., all of Honolulu, Hawaii, for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. The appellant, claiming to have been born in Honolulu, and to have been taken therefrom to China by his mother in 1902, when he was 10 months old, and to have remained there for 20 years, was in 1924 admitted to the Hawaiian Islands as an American citizen. In 1927 a complaint was filed in the court below for his deportation, on the ground that he had obtained admission to the United States by false and fraudulent representations as to his citizenship. Upon the evidence taken

it was adjudged that he was not entitled to remain in the United States, and that he be deported to China.

[1] The appellant contends that there was sufficient evidence of his birth in the United States, and no proof of his birth elsewhere, and that the court erroneously ruled that, after the government had established the fact that he was a Chinaman and of Chinese descent, the burden of proof rested upon him to prove to the satisfaction of the court his right to remain in the United States. In that ruling there was no error. It conformed to the plain provision of section 3 of the Act of May 5, 1892 (27 Stat. 25 [8 USCA § 284]), as that statute has been construed in numerous decisions. Ong Foo v. Nagle (C. C. A.) 22 F.(2d) 774, 776; Jung See v. Nash (C. C. A.) 4 F.(2d) 639, and cases there cited. The appellant cites Ng Fung Ho v. White, 259 U. S. 276, 42 S. Ct. 492, 66 L. Ed. 938, as authority to the contrary. But that case goes no farther than to hold that persons of Chinese blood, who have been admitted into this country by immigration authorities on their claim of citizenship, are entitled to a judicial hearing in proceedings brought for their deportation.

[2] There was positive testimony on behalf of the government of admissions of the appellant and of Tom Man Sau, one of his witnesses, made to District Director of Immigration Burnett and to United States Inspector Erbs, of facts which, if true, utterly discredited the appellant's claim to American citizenship. It is contended that the testimony was not admissible, for the reason that the admissions were not voluntary, and were obtained by duress and after protracted questioning. But the appellant and his said witness denied that they made any such admissions. Had they conceded that they made the admissions, but did so under duress, a different case would be presented. We are not convinced that the testimony was erroneously received. Irrespective of that question, however, we find that the decision of the court below was not based on the evidence of those admissions, nor were they taken into account. The decision was based wholly upon the other features of the evidence.

[3, 4] The appellant assigns error to the denial of his motion for an order that a dedimus potestatem issue to take the testimony of his mother in China, who would testify, he deposed, that he was born in Honolulu. Section 644 of U. S. Code title 28, Judicial Code and Judiciary (28 USCA § 644) provides that the court "may grant a dedimus potestatem" in any case "where it is nec-

essary, in order to prevent a failure or delay of justice." The appellant's affidavit failed to show such necessity, and failed to show that other evidence was not available to prove the alleged facts to which the proposed witness would testify. Whether the issuance of such an order is necessary to prevent a failure or delay of justice is for the trial court to determine upon the facts presented. United States v. Cameron (C. C.) 15 F. 794; Hawks v. Yancey (D. C.) 2 F.(2d) 471; Sutton v. Mandeville, Fed. Cas. No. 13,650; Levinstein v. Du Pont (D. C.) 258 F. 662, 665. We fail to find abuse of discretion in the denial of the motion in the present instance.

[5] The court below after a careful review of the evidence reached the conclusion that the testimony was insufficient to sustain the appellant's right to remain in the United States. There were discrepancies between his testimony in January, 1924, when he was admitted to the Hawaiian Islands, and his testimony in 1927. In 1924 he testified that his only sister had died in 1916. In 1927 he testified that she was still living. Again, his contention was that his mother had taken him to China in 1902 on the Hongkong Maru. But the manifests of that steamer failed to show upon the departure records any time during that year the name of the appellant's mother, or any name which even remotely resembled hers. In brief, the court below found the sum and substance of the testimony supporting the appellant's claim to have been born in the United States to be his own statement that his mother had told him so, and the statements of other Chinese persons that she had told them the same thing. As we review the case, we think there was absence of ground for disregarding the evidence of admissions made by the appellant and Tom Man Sau, but that in any view of the record no ground is presented for disturbing the trial court's conclusion.

The judgment is affirmed.