## LEE SAI YING v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
November 12, 1928.

No. 5494.

Leslie P. Scott, of Honolulu, Hawaii, and Wilmer H. Eberly, of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and Geo. M. Naus, Asst. U. S. Atty., both of San Francisco, Cal., and Sanford B. D. Wood, U. S. Atty., and Charles H. Hogg, Asst. U. S. Atty., both of Honolulu, Hawaii.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order of deportation. The facts disclosed by the record are briefly these. The appellant belongs to the Chinese race. October 9, 1897, Lee Long, wife and child, departed from Honolulu for China on the steamship City of Peking. On November 27, 1922, the appellant applied for admission to the United States in Honolulu, claiming that he was the person who departed on the steamship City of Peking in 1897 as the child of Lee Long, and on December 6, 1922, he was admitted to the United States as Hawaiian born, and was given a certificate of identity to that effect. On the hearing in the court below there was offered the complete immigration record, which included the examination of the appellant at the time of his admission, the supporting affidavits, the examination of the appellant by the immigration officers on May 17, 1927, relative to his right to remain in the United States, and other testimony. The testimony thus offered and received discloses important and unexplained contradictions and discrepancies. Thus, at the time of his admission in 1922, the appellant testified that the name of his mother was Wong Shee, and that she had natural feet. His supporting witnesses testified to the same effect. On his examination by the immigration officers May 17, 1927, he testified that his mother had bound feet; that he was mistaken when he stated that she had unbound feet; and that never to his knowledge had his mother unbound her feet for any length of time. He further testified at the time of his admission, and again before the immigration officers in 1927, that the name of his mother was Wong Shee, while on the hearing before the court he testified that her name was Wong, and that that was all he knew. He was then asked whether her name was Wong Shee, Wong Lee, Wong Duck, or the like, and he replied that it was Wong or Wong Shee. There are other discrepancies in the testimony, such as the location of the home in China and the age of

the appellant, but these are of minor importance. It likewise appears from the testimony that the appellant has gained little or no information concerning the Islands from his alleged parents, and that he was not even informed that he was born there until he was 13 or 14 years of age.

Again, the immigration records show that four Chinese persons have been admitted to the United States, each claiming to be the child who departed with Lee Long in 1897. As said by this court in Leong Kim Wai v. Burnett, 23 F.(2d) 789:

"Of course, the appellant should not be deported because of the numerous frauds thus perpetrated by others; but the circumstances were such that it behooved the court below, and now behooves this court, to scrutinize the record with the utmost care, to the end that the exclusion and immigration laws may not be set at naught in that territory or elsewhere."

For the foregoing reasons, the testimony was ample to warrant a finding that the appellant has no lawful right to remain in the United States. Go Lun v. Nagle (C. C. A.) 22 F.(2d) 246; Ong Foo v. Nagle (C. C. A.) 22 F.(2d) 774.

In view of this conclusion, we deem it unnecessary to consider what, if any, effect should be given to the certificate of identity issued to the appellant at the time of his original admission.

The order of the court below is affirmed.