## CHOY YUEN CHAN v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
January 14, 1929.

No. 5548.

Leslie P. Scott, of Honolulu, Hawaii, and Wilmer H. Eberly, of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and George M. Naus, Asst. U. S. Atty., both of San Francisco, Cal., and Sanford B. D. Wood, U. S. Atty., and Charles H. Hogg, Asst. U. S. Atty., both of Honolulu, Hawaii.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. On June 4, 1923, the appellant, a person of Chinese descent, coming from China, arrived at the Hawaiian Islands, and, upon a hearing before a Board of Special Inquiry, he was allowed to land, on his proof by himself and his witnesses that he was Hawaiian born. In June, 1927, he was brought before the court below for deportation, and, on the ground that he was a Chinese alien and a laborer and was unlawfully within the United States, he was ordered deported. On the appeal it is contended that the order of deportation was contrary to law, that the government failed to establish a prima facie case against the appellant and failed to show that on June 4, 1923, he unlawfully obtained admission into the United States at the port of Honolulu by false and fraudulent representation of his status as a citizen of the United States. The evidence upon which the order of the court below was based consisted of the record of the hearing before the Board of Special Inquiry of 1923, the testimony of Dong Bark, who had been a witness for the appellant at that hearing, and the testimony of an immigration inspector.

A preliminary inquiry, which we think is determinative of the sufficiency of the evidence adduced in the court below to support the order of deportation, concerns the effect and force to be given to the finding and conclusion of the Board of Special Inquiry, and whether upon the hearing in the court below the decision of the Board was

prima facie evidence of the right of the appellant to be and remain in the United States. As to the powers of the Board, the statute, 8 USCA § 153, provides, "Such boards shall have authority to determine whether an alien who has been duly held shall be allowed to land or shall be deported," and further provides that the decision of a Board of Special Inquiry adverse to the admission of such alien shall be final unless reversed on appeal to the Secretary of Labor. The statute, 8 USCA § 221, provides that in any deportation proceeding against any alien the burden of proof shall be upon him to show that he entered the United States lawfully. But this does not mean, we think, that the alien shall be denied the benefit of the prima facie presumption created by a favorable decision of a Board of Special Inquiry. In Ex parte Chin Loy You (D. C.) 223 F. 833, it was held that a Chinese person, duly admitted into the country, is prima facie a legal resident. In Ching Hong Yuk v. United States (C. C. A.) 23 F.(2d) 174, the appellant, who had been ordered deported, claimed to have been born in Hawaii, and, upon a hearing before a Board of Special Inquiry, he was permitted to land as Hawaiian born. On the appeal the question was discussed whether the order of admission constituted a judicial estoppel. This court, while inclining to the view that the decision should be taken as prima facie evidence of the appellant's citizenship in the United States, proceeded to say: "And even if it be held that the mere order of admission does not make a prima facie case for defendant, we think that in considering the weight and credibility of the testimony upon which it was based, and upon which the lower court acted, some probative significance may properly be given the fact that it was credited by the three public officers who had the advantage, not enjoyed by the court, of hearing the witnesses testify." In Pearson v. Williams, 202 U. S. 281, 26 S. Ct. 608, 50 L. Ed. 1029, the court said: "The Board is an instrument of the executive power, not a court. * * * Decisions of a similar type long have been recognized as decisions of the executive department, and cannot constitute res judicata in a technical sense." And the court adverted to considerations which were said to be against the likelihood that Congress meant such decisions to be binding upon the Secretary of Commerce and Labor, the superior officer of the boards of the port. Among the cases there cited by the Supreme Court as illustrative of the effect of the decision of officers to whom was delegated power to decide such questions in the first instance, was The Japanese Immigrant Case, 189 U. S. 86, 98, 23 S. Ct. 611, 613 (47 L. Ed. 721), where the court said: "And in such a case, as in all others, in which a statute gives a discretionary power to an officer, to be exercised by him upon his own opinion of certain facts, he is made the sole and exclusive judge of the existence of those facts, and no other tribunal, unless expressly authorized by law to do so, is at liberty to re-examine or controvert the sufficiency of the evidence on which he acted"—citing Martin v. Mott, 12 Wheat. 19, 31 (6 L. Ed. 537), where Mr. Justice Story had said: "Whenever a statute gives a discretionary power to any person, to be exercised by him upon his own opinion of certain facts, it is a sound rule of construction that the statute constitutes him the sole and exclusive judge of the existence of those facts." In the case at hand, it is not claimed, of course, that the Board of Special Inquiry is the exclusive judge of the right of one who claims to be an American citizen to land or remain in the United States, for that right may be brought in question on proceedings for deportation. What we are inclined to hold is that a decision of the Board of Special Inquiry in such a case is prima facie correct, and that it was not the intention of the law that one who has once been admitted upon proof which satisfied the Board of his right to admission should be called upon again and again to prove his right to be and remain in the United States, in the absence of a charge that he has committed some act which justifies his deportation, or some affirmative proof upon the part of the government that he obtained admission fraudulently.

The proof which was offered in the court below did not constitute even a prima facie showing of fraud. All that the testimony of the inspection officer amounted to was that the appellant admitted to him that he was of Chinese descent and was a laborer. Dong Bark's testimony added nothing of importance. He had been one of the witnesses for the appellant on the hearing before the Board, and he had just been ordered deported as an illiterate. He was called as a witness for the government, and examined and cross-examined upon the testimony which he had given before the board four years before. Thereby some discrepancies were developed between his present and his former statements as to when and where he first met the appellant. But such discrepancies in the testimony of a witness produced by the government to prove its own case were insuffi-

cient to prove that the appellant obtained admission to the United States by fraudulent misrepresentation, or that he was not born in Hawaii, and were insufficient to overcome the prima facie presumption created by the finding of the Board of Special Inquiry.

The judgment is reversed.