978

## Ex parte WONG DOCK.

District Court, N. D. California, S. D. December 9, 1929.

No. 20051–K.

Stephen M. White, of San Francisco, Cal., for petitioner.

Geo. J. Hatfield, U. S. Atty., of San Francisco, Cal., for respondent.

NORCROSS, District Judge. This is a proceeding in habeas corpus brought by Wong Woon in behalf of his alleged brother, Wong Dock, to obtain the latter's discharge from the custody and control of the Commissioner of Immigration of the Port of San Francisco.

Wong Dock, a person of the Chinese race born in China, claims the right of admission to the United States as a citizen thereof by virtue of being the son of Wong Sing, a native-born citizen of the United States. The citizenship of Wong Sing is conceded, and the only question is respecting the alleged relationship.

From an adverse decision by the Board of Special Inquiry at San Francisco, an appeal was taken to the Secretary of Labor. Upon the appeal the decision was affirmed.

The petitioner, an alleged elder brother of Wong Dock, was admitted as a citizen in 1909, and Wong Cheng, an alleged younger brother, was admitted as a citizen in 1924.

The principal reason and apparently the controlling one for denying the applicant's admission is certain statements made by Wong Sing, the alleged father. Upon his return from a trip to China in 1897, Wong Sing stated to the immigration authorities that he was not married. In 1914, incident to his departure from the United States for China, Wong Sing is recorded as having stated that his wife, Hom Shee, alleged mother of the applicant and the latter's alleged pri-

or landed brothers, died in 1909. As opposed to these statements, the applicant claims to have been born as the result of the alleged father's trip to China, from whence the latter returned in 1897, and applicant and his alleged brothers testify that their alleged mother is still living.

It must be conceded that these statements of Wong Sing, standing alone and unexplained, would be sufficient to support an exclusion order. It appears, however, that at the time of the admission of Wong Woon in 1909, the statement of Wong Sing, appearing as having been made in 1897, to the effect that he was then unmarried, was considered by the immigration authorities. Not only was Wong Sing's testimony taken upon hearings had at that time, but that of other witnesses who testified to the marriage. At any event, it appears that in the Wong Woon case the particular matter was investigated and the statement of Wong Sing made in 1897 resolved to be in error. It would appear that this statement was not considered of moment or else one that was settled when applicant's alleged younger landed brother, Wong Cheng, was admitted in 1924.

Concerning the alleged father's statement made in 1914 to the effect that his wife had died in 1909, it appears that this same matter was before the examining authorities on the occasion of the application of Wong Cheng for admission in 1924. It is worthy of note that the year given by the father as the one in which his wife had died was the year in which the elder son was landed. According to the record, the father had not been back to China from 1905 until 1914, and hence could not have made such a statement from personal knowledge. In this matter as well as that concerning the prior statement respecting denial of marriage, no new evidence appears warranting a different conclusion in this case from that reached in the other cases. Chan v. United States (C. C. A.) 30 F.(2d) 516; Yin v. United States (C. C. A.) 31 F.(2d) 738; Chan Sing v. Nagle (C. C. A.) 22 F.(2d) 673; Fong v. United States, 209 U. S. 453, 28 S. Ct. 576, 52 L. Ed. 888. It appears from the testimony that Wong Sing died in China in 1915. The death of Sing would seem to present an additional reason why prior rulings concerning his statements should be followed in the absence of new evidence.

The only other matter referred to by the Board of Review in considering the case on appeal is in reference to a statement made in 1909 by the alleged father, Wong Sing, at the time of the hearing of the application for

admission of the alleged brother Wong Woon. It was at that hearing that Wong Sing first mentioned his family. The record shows Sing to have testified that his second son's name was Wong Ark and that he was born November 14, 1897. When examined prior to his departure for China in 1914, Wong Sing is recorded as giving the name of his second son as Wong Dock and the date of his birth the same as recorded at the hearing in 1909. Applicant gave the date of his birth as January 1, 1898, and his alleged prior landed brother testified to the same effect. The alleged brothers at the time of their admission testified to having a brother in China of the name and age of the applicant. With respect to the name Wong Ark, recorded as the name given for applicant by the alleged father in 1909, it also appears from that record that Wong Jing was the name given for Wong Cheng, the name of Sing's alleged youngest child. This apparent difference in the name was not deemed a matter of importance in the case of Cheng. It is contended by counsel for petitioner that the difference is a matter of pronunciation only and that the names are in fact the same.

With respect to the discrepency in the testimony concerning the birth date of applicant, attention is directed to the fact that the date given by applicant would place his birth at nine months and seven days after his alleged father had departed from Hongkong according to the latter's testimony given on June 4, 1909. Errors in dates are not uncommon and are not usually of importance except as they relate to some other fact or circumstance. In this instance, assuming the correct birth date to be that as given by applicant and his alleged brothers and that the alleged father gave the correct date of his departure from China, the authority cited in the brief on appeal, Taylor on Medical Jurisprudence (11th Am. Ed.) pp. 612–617, to the effect that the period of gestation may extend for a period of ten months, does not appear to be questioned.

Applicant and his two alleged prior landed brothers in their testimony appear to be in harmony generally as to matters of family history, relations, description of village, neighbors, schools, and numerous other matters covered by questions propounded by the investigating officials. The only other discrepancies noted in the record and not heretofore referred to are not material and relate to whether the father died in the parlor or the big door room of the family residence and as to whether there are one or two mounds at the grave or graves of the paternal grandparents.

The conclusion reached is that the applicant is entitled to be discharged, and it is ordered that the applicant, Wong Dock, be discharged from the custody and control of the Commissioner of Immigration of the Port of San Francisco, unless within ten days from the date of filing this order an appeal is taken therefrom or other action is taken by the said Commissioner requiring further suspension of this order.