**WONG POI YOUNG v. UNITED STATES.**

**No. 9030.**

Circuit Court of Appeals, Ninth Circuit.
May 12, 1939.

Rehearing Denied June 23, 1939.

E. J. Botts, of Honolulu, T. H., and Herbert Chamberlin, of San Francisco, Cal., for appellant.

Ingram M. Stainback, U. S. Atty., and J. Frank McLaughlin, Asst. U. S. Attorney, both of Honolulu, T. H., and Frank J. Hennessy, U. S. Atty., and Louis R. Mercado, Jr., Asst. U. S. Atty., both of San Francisco, Cal., for the United States.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

WILBUR, Circuit Judge.

The appellant was ordered deported from the Territory of Hawaii by the United States District Court. He appealed from the order and states that the sole question presented by the appeal is this: "Did the government make a prima facie case for the deportation of appellant in the absence of a showing that he was a laborer?"

The complaint upon which the warrant of arrest was issued alleged that the appellant was a person of Chinese descent, a laboror, within the United States and within the jurisdiction of the United States District Court for the Territory of Hawaii, without a certificate of residence, as required by "An Act to prohibit the coming of Chinese persons to the United States, approved May 5, 1892, as amended November 3, 1893", 27 Stat. 25, 28 Stat. 7, and alleged that the defendant was not lawfully entitled to be or remain in the United States. The appellant demurred to the complaint and entered a plea of not guilty.

Upon the hearing the government produced evidence that the appellant was a Chinese person and rested. The appellant declined to introduce any evidence and the court made an order of deportation. The order was based upon the proposition that under the statute, 27 Stat. 25, § 3, 8 U.S.C.A. § 284, it was the duty of the appellant to offer proof that he was entitled to remain in the United States. The ruling of the lower court was in strict conformity with the statute, 8 U.S.C.A. § 284, placing upon the appellant the burden of proving his right to remain in the United States. The argument of the appellant is that inasmuch as the complaint upon which the warrant was issued alleged that the appellant was a Chinese laborer unlawfully within the United States, it was incumbent upon the government to offer proof that the appellant was a laborer in support of that allegation in the complaint. By this process of reasoning the appellant seeks to impose upon the government the burden of proving that he is a laborer, whereas the statute imposes upon him the burden of proving that he is not a laborer. It is not contended that the statute is unconstitutional and its terms are plain and unequivocal. The action of the trial court was right. While it is unnecessary to fortify the plain language of the statute by citation of authorities it may be added that as early as 1904 the Circuit Court of Appeals for the Sixth Circuit held that in a deportation proceeding the proof that the appellant was a Chinese person placed upon him the burden of showing his right to remain in the United States. United States v. Hung Chang, 134 F. 19. Our own decision in Tom Ung Chai v. Burnett, 9 Cir., 25 F.2d 574, is to the same effect.

Order affirmed.