OW YEONG YUNG

v.

DULLES, Secretary of State.

No. 30361.

United States District Court
N. D. California, S. D.

Dec. 4, 1953.

Jackson & Hertogs, San Francisco, Cal., for plaintiff.

L. H. Burke, U. S. Atty., and C. E. Collett, Asst. U. S. Atty., San Francisco, for defendant.

ROCHE, Chief Judge.

It appears from the record that Ow Yeong Yung, the alleged father of the plaintiff, was admitted to the United States as a citizen thereof by the Immigration and Naturalization Service on February 9, 1918; that said Ow Yeong Yung made two subsequent trips to

China, the first in 1929. In 1930, while in China, he married Kwon Bon Jun. In 1935 plaintiff was born of this union. Having returned to this country in 1941, Ow Yeong Yung again left for China in 1946, returning in 1951 with his wife and one of his children (plaintiff's sister).

Kwon Bon Jun, the alleged mother of plaintiff, testified that she was admitted to this country as the lawful wife of Ow Yeong Yung. In support of this claim she presented an alien registration card which verified the facts pertaining to her admission. Her further testimony concerned the birth of plaintiff, that Ow Yeong Yung fathered the child, and that plaintiff's sister entered the country with her parents without any objections whatsoever.

The plaintiff identified Kwon Bon Jun as his mother, and Ow Yeong Yung as his father. He further testified to placing his application with the Consul at Hong Kong, and answering all questions asked of him to the best of his ability.

The records of the Consulate Office, introduced into evidence, show that the application for a passport had been refused because plaintiff had failed to sufficiently identify himself as the son of an American citizen.

The evidence presented in this case is much stronger than necessary to establish a prima facie showing of the claimed relationship. The court heard the eyewitness testimony of the father and mother concerning the birth of plaintiff. It is not disputed that the alleged father was in China at the time of conception and birth. In addition the exhibits include sworn affidavits and pictures as proof of identity. The Consul's refusal to issue the passport was based on what it deemed certain major discrepancies, most impressive of which was plaintiff's lack of knowledge of his family background, and his contradictions of several statements attributed to his alleged father. The Consul also felt that plaintiff appeared to be a number of years older than his claimed age.

It is not surprising that a person may look much older than he actually is, and without further proof mere appearance is not a sufficient criterion for judging a person's age. In view of plaintiff's youth, and subject as he was to the strange surroundings of the consulate office, it is not surprising that he did not remember all of the details of his family. Letter perfect answers to *all* of the examiner's questions would more readily lead this court to the conclusion that plaintiff was an imposter reciting memorized material.

■ The testimony offered clearly establishes the claimed relationship. The government did not attempt to refute this affirmative showing. The courts have held that where no contradictory evidence is offered, unsupported allegations are not sufficient to overcome a prima facie showing. Wong Kam Chong v. U. S., 9 Cir., 111 F.2d 707; Leong Kwai Yin v. U. S., 9 Cir., 31 F.2d 738; Fong Lum Kwai v. U. S., 9 Cir., 49 F.2d 19.

During the course of this proceeding, defendant moved for dismissal of the action on three grounds:

1. That this court does not have jurisdiction under 8 U.S.C.A. § 903 to declare the nationality of a foreign born person who has never been in the United States.

2. That the plaintiff was not denied a right or privilege on the ground that he was not a national of the United States.

3. That the question is now moot as the plaintiff was issued a document permitting him to proceed to the United States.

■ Defendant's first objection is that this action does not fall within the purpose and intent of 8 U.S.C.A. § 903 in that that section was intended to apply only to persons born in the United States, or to naturalized citizens, who might while abroad be denied a right or privilege as a national.

The statute itself shows no such limitation, as it states that "any person" may seek the remedy afforded.

Defendant insists, however, that a reading of the Congressional Record, Vol. 86 reveals the true purpose of this statute. In the case of Look Yun Lin v. Acheson, D.C.Cal., 1949, 87 F.Supp. 463, the court said that a close examination of the congressional debate engaged in does not support the position that an alleged citizen born in a foreign country, and never a resident of the United States, cannot petition the Federal courts to test the question of whether he is a national.

In view of this holding plaintiff is a person lawfully entitled to bring this action for a declaratory judgment.

 Defendant's second contention is that an individual invoking 8 U.S.C.A. § 903 must be denied some right or privilege as a national of the United States *upon the ground that he is not a national of the United States.*

In the case of Wong Wing Foo v. McGrath, 9 Cir., 196 F.2d 120, 122, the court held that this type of action need not follow any administrative proceeding but could be instituted where an administrative agency such as the Department of State "refuses to give a passport" or "refuses to allow a person claiming American citizenship to come to this country".

The defendant cites the case of Fong Nai Sun v. Dulles, D.C.S.D., 117 F.Supp. 391, decided July 13, 1953 to show that the denial of the travel document or passport may be based on grounds other than that the applicant is not a national. The court in that case said that the refusal by the Consul to issue the passport to the applicant was not based on the ground that he was not a national where the applicant failed to supply all the information required, i.e. an identifying witness. In this case there actually was a lack of an essential part of the evidence necessary to make a finding as to nationality.

The instant case is distinguishable from this above mentioned case in that the Consul had all the prerequisite information required for the issuance of a passport. Therefore, Consul's finding that the proof provided by plaintiff was insufficient was in effect a finding that the applicant was not a national. As a result, plaintiff was denied a right or privilege on the ground that he was not a national of the United States.

 The defendant further contends that since the Consul at Hong Kong finally did issue a document to plaintiff allowing entry into the United States, that the question of plaintiff's right to bring this action is moot. As the document was given only for the purpose of permitting plaintiff to proceed to the United States to appear and testify in the present action, it in no way alters the prior position of the Consul at Hong Kong in refusing documentation and recognition of this plaintiff as a national of the United States. Defendant's position is without merit.

Therefore, the court having heard the evidence introduced in behalf of both parties, and having considered the file, the exhibits and the submitted briefs, it is hereby:

Ordered, adjudged, and decreed that there be entered herein, upon findings of fact and conclusions of law, a judgment for plaintiff.