**LUM CHAN FEE**

v.

**DULLES, Secretary of State.**

**Civ. No. 1174.**

United States District Court,
D. Hawaii.
April 22, 1954.

N. W. Y. Char, Honolulu, Hawaii, for plaintiff.

A. William Barlow, U. S. Atty. Dist. of Hawaii, Louis B. Blissard, Asst. U. S. Atty. Dist. of Hawaii, Honolulu, Hawaii, for defendant.

McLAUGHLIN, Chief Judge.

The only question presented for consideration at this time is whether Section 503 of the Nationality Act of 1940,

8 U.S.C. § 903,[1] afforded a remedy as a jurisdictional matter to persons who have never been in the United States as well as to expatriates and those in the United States. The cases giving rise to this common question of law are Lum Chan Fee v. Dulles, Civil No. 1174; Lee Dai v. Dulles, Civil No. 1180; and Lee Yuk Wan v. Dulles, Civil No. 1193. The facts in all three cases are similar and, in essence, show that petitioners were born in China and were the alleged children of an American father and a Chinese mother. They brought their actions under Section 503 of the Nationality Act, seeking judgments declaring them to be nationals of the United States.

In submitting its motion to dismiss, the Government's contention, which is supported by Judge Wiig's ruling in Lee Wai Tong (and Lee Wai Ping) v. Dulles, D.C.1953, and Judge Goodman's dictum in Ly Shew v. Acheson, D.C.N.D.Cal. 1953, 110 F.Supp. 50, is that Section 503 was intended to give a remedy only to expatriates and persons in the United States and not to those abroad who have never been in the United States or who have not been charged with expatriation. It is the opinion of this court that that contention is not sound but that Section 503, for the reasons to appear, did afford a remedy to any person claiming a denial of a right or privilege as a national of the United States.

 At the outset, it should be mentioned that, apropos to Judge Wiig's ruling in this district, the rule of stare decisis is not applicable here because, in addition to the fact that Judge Wiig's earlier ruling was not a final judgment, there are cogent reasons for disregarding it. See United States v. Inter-Island Steam Nav. Co., D.C.D.Haw.1950, 87 F. Supp. 1010. The most cogent reason for this court's ruling is the statute itself. The language found in Section 503 is broad and unambiguous. It says "any person" and "such person, regardless of whether he is within the United States or abroad". There is nothing on the face of the statute to indicate that this remedy was given only to expatriates or those in the United States. Hence, the reasonable construction of the statute is to afford a day in court to *any person* claiming nationality in good faith and with a substantial basis. In this posture, where the statute is clear, it is questionable whether reference to Congressional proceedings should be made. See Pennsylvania R. Co. v. International Coal Mining Co., 1913, 230 U.S. 184, 33 S.Ct. 893, 57 L.Ed. 1446; United States Lines Co. v. Shaughnessy, D.C.S.D.N.Y.1951, 101 F.Supp. 61. But even if such reference should be made, this court agrees with Judge Erskine in Look Yun Lin v. Acheson, D.C.N.D.Cal.1949, 87 F.Supp. 463, that the discussion found in 86 Congressional Record 13247–48 (1940) does not support the Government's position limiting the remedy to expatriates and persons in the United States.

Also, the contention by the Government that the sequence of the subchapters should have an important bearing on this problem is without merit. In the absence of clear indicia showing otherwise, it is hardly appropriate to say that Subchapter V was a remedy given for purposes of Subchapter IV only and not for Subchapter II also, which defines nationals and citizens of the United States.

In the recent case of Ow Yeong Yun v. Dulles, D.C.N.D.Cal.1953, 116 F.Supp. 766, Judge Roche held that the statute itself does not show that Section 503 was intended to apply only to persons born in the United States or to expatriates. Thus, the fact that petitioner was born abroad did not deprive the federal district court of jurisdiction. There have been many other cases where the courts, though not ruling specifically on this point, have assumed jurisdiction. See Wong Wing Foo v. McGrath, 9 Cir., 1952, 196 F.2d 120; Acheson v. Yee King Gee, 9 Cir., 1950, 184 F.2d 382; Lee Bang

1. Now 8 U.S.C.A. § 1503.

Hong v. Acheson, D.C.D.Haw.1951, 110 F.Supp. 48.

The view of Judge Roche on this matter is also found in an exhaustive article in the Harvard Law Review. "The injustice arising from the failure to provide for a judicial decision de novo on the issue of citizenship for persons outside the United States was remedied by the Nationality Act of 1940 which expressly allowed persons, within or outside the United States, to bring actions for declaratory judgments on the issue of citizenship." Developments in the Law—Immigration and Nationality, 66 Harv.L.Rev. 643, 743 (1953).

Based on the reasons and authorities set forth above, it is this court's ruling that the motion to dismiss on the particular ground in question is denied.