COLEMAN v. HUDSON RIVER BRIDGE CO. See Cases Nos. 12,851 and 12,852.

## Case No. 2,983.

COLEMAN v. HUDSON RIVER BRIDGE CO.

SILLIMAN v. SAME.

[5 Blatchf. 56.] [1]

Circuit Court, N. D. New York. July 17, 1862.

DIVISION OF SUPREME COURT ON CERTIFICATE OF DIVISION — PRACTICE — DISMISSAL OF BILL—EFFECT ON PROVISIONAL INJUNCTION—APPEAL.

1. Where a certificate of a division of opinion on the question of the jurisdiction of this court to entertain a bill in equity, sent from this court to the supreme court, is dismissed by that court because of an equal division of opinion in that court, and the mandate to this court directs it to proceed in the cause in conformity to law and the rules and proceedings in such cases provided, it becomes the duty of this court to enter a decree dismissing the bill.

2. From such decree, an appeal may be taken and the case be reviewed in the supreme court, the same as if the decree were pronounced by the judgment of this court.

3. A provisional injunction granted on the filing of the bill falls with the dismissal of the bill.

[Followed in Eureka Min. Co. v. Richmond Min. Co., Case No. 4,549.]

4. The provisions of the acts of September 24, 1789 (1 Stat. 85, § 23), and March 3, 1803 (2 Stat. 244, § 2), do not operate to continue such injunction.

[See note at end of case.]

[In equity. Bills by Robert D. Silliman and by Frederick W. Coleman against the Hudson River Bridge Company, at Albany, to restrain the erection of a bridge across the Hudson river at Albany, as authorized by an act of the legislature of the state of New York, April 9, 1856.

[A provisional injunction was granted (Case No. 12,851), but on the final hearing the judges were opposed in opinion (Id. 12,852), and a division was certified to the supreme court in October, 1859. The justices of the supreme court were equally divided on the points certified, and remitted the cases to the circuit court. Silliman v. Hudson River Bridge Co., 1 Black (66 U. S.) 582.]

These cases came before the court on a motion by the defendants to file the mandate

---

[1] [Reported by Hon. Thomas Bee, District Judge.]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

from the supreme court, on its decision reported in 1 Black (66 U. S.) 582, and to enter decrees dismissing the bills of complaint. The counsel for the plaintiffs, asked the court to so modify the decree of dismissal as to retain the provisional injunction heretofore granted (4 Blatchf. 74 [Case No. 12,851]), and prevent the erection of the bridge until after the decision of the supreme court on an appeal from the decree of dismissal.

Before NELSON, Circuit Justice, and HALL, District Judge.

NELSON, Circuit Justice. On the hearing of this case on its merits, in this court, before the two judges, a division of opinion upon the question of jurisdiction occurred (4 Blatchf. 395 [Silliman v. Hudson River Bridge Co., Case No. 12,852]), which made it necessary, under the act of congress, to certify such division to the supreme court. That court, after argument, were also equally divided in opinion, and, as a consequence, the certificate of division was dismissed, and the cause was remitted to the court below, with directions to proceed therein in conformity to law and the rules and proceedings in such cases provided. According to these rules and proceedings, and in conformity with law, as was intimated by the appellate court on the dismissal of the certificate of division, it becomes the duty of this court to enter a decree dismissing the bill, the same principle applying to the case in this court as in the appellate court, in case of a divided opinion. From the decree thus resulting, an appeal may be taken, and the case be reviewed in the court above, the same as if the decree were pronounced by the judgment of the court.

It is contended, however, that, conceding this view to be correct, it does not follow that the injunction heretofore granted falls with the dismissal of the bill, or, if it does prima facie, that it is still in the power of this court to continue the injunction until the decision on the appeal, and that the case is a proper one for the exercise of this power. The court cannot agree to either of these positions. The legal result of the division of opinion of the judges, is a dismissal of the bill without any qualification. Indeed, the condition of the court renders any qualification or modification of the dismissal impracticable. The case is out of court, so far as it respects any proceedings except an appeal to revise the decree. The judges are disabled, from the contrariety of opinion, to annex any condition, and it certainly requires no argument to show that, in the case of an unqualified dismissal of a bill, all the incidents fall with it. We agree that the chancellor may, in his discretion, direct a modified dismissal, and thereby annex to it such conditions as may seem to him just and equitable. Having the possession and entire control of the cause, this qualified exercise of

power is practicable. But such a case is very different from this one, where the dismissal is the result of law, and absolute, and where, from the condition of the court, no modification can be annexed.

It was insisted, that an appeal, when taken within the time and in the mode described by the acts of congress of September 24, 1789 (1 Stat. 85, § 23), and March 3, 1803 (2 Stat. 244, § 2), will operate, under and by virtue of those acts, to continue the injunction. But it is quite clear that these provisions deal only with the writ of execution founded upon the decree rendered, and which is awarded by it, and have no application to the provisional writ of injunction or other incidental proceedings in the progress of the cause.

It may not be improper to add, in conclusion, that this question was the subject of observation in the course of the discussion of the main questions of the case, in the court above, and that no doubt was entertained in regard to it by any of the judges. Although the question had not been discussed by counsel, it became incidentally involved, on account of the division of opinion in the appellate court. After a full argument before us in this court, we find no ground for changing the opinion.

[NOTE. The complainant Coleman appealed from the decree herein dissolving the injunction and dismissing the bill, and the supreme court affirmed the decree of the circuit court by a divided court. Coleman v. Hudson River Bridge Co., 2 Wall. (69 U. S.) 403.]