**LEE HUNG v. ACHESON, Secretary of State.**

**LEE SIU v. ACHESON, Secretary of State.**

**LEE JAM v. ACHESON, Secretary of State.**

Nos. 907, 908, 909.

United States District Court
D. Nevada.

Jan. 28, 1952.

36

Stanley J. Gale, Sacramento, Cal., Lohse & Fry, Reno, Nev., for plaintiffs.

Miles N. Pike, U. S. Atty., William J. Kane, Asst. U. S. Atty., Reno, Nev., for defendant.

FOLEY, District Judge.

The plaintiffs above named instituted three separate actions by filing complaints denominated "Petition for Declaratory Judgment under Sec. 503 of the Nationality Act of 1940". 8 U.S.C.A. § 903. The complaints are identical in form with the exception of the birthdate of each of the plaintiffs, all of whom claim to be sons of Lee Loon, a citizen of the United States, domiciled and residing in the City of Lovelock, County of Pershing, State of Nevada, within the jurisdiction of this Court. Plaintiffs, all of whom were born in China and remain there, allege that each is a citizen of the United States under the provisions of § 1993, Revised Statutes of the United States, 8 U.S.C.A. § 6, and §§ 101 and 504 of the Nationality Act of 1940, 54 Stat. § 1137; 8 U.S.C.A. §§ 501–907.

Identical motions to dismiss the complaint were filed on January 12, 1951, in each of the cases and before said motions could be heard, counsel for defendant filed on May 22, 1951, other and different motions to dismiss in each of the cases. The motions in the three cases were argued and submitted together.

In his arguments and briefs, defendant has abandoned the first motion in each of the cases. Defendant moves for dismissal upon the following grounds:

"(1) That the complaint fails to state a cause of action against the defendant for the reason that it fails to show when, where and by what agency or department or executive official thereof a claimed right or privilege of the plaintiff as a national of the United States, is or has been denied, upon the ground that he is not a national of the United States.

"(2) Under Section 503 of the Nationality Act of 1940 (Section 903, Title 8, U.S.C.A.) the institution of judicial proceedings as herein commenced is predicated upon the denial of a claimed right or privilege as a national of the United States by any department or agency, or executive official thereof, upon the ground that such alleged national is not a national of the United States."

These actions are brought by virtue of 8 U.S.C.A. § 903: "If any person who claims a right or privilege as a national of the United States is denied such right or privilege by any Department or agency, or executive official thereof, upon the ground that he is not a national of the United States, such person, regardless of whether he is within the United States or abroad, may institute an action against the head of such Department or agency in the District Court of the United States for the District of Columbia or in the district court of the United States for the district in which such person claims a permanent residence for a judgment declaring him to be a national of the United States. * * *"

Each of the complaints contains the following allegations identical except as to name of plaintiff and date of birth:

## "I.

"That plaintiff is the son of Lee Loon, who is a citizen of the United States, the said Lee Loon having obtained his citizenship by descent from his father, Lee Fung, the said Lee Fung being a native born citizen of the United States, born in the State of California.

## "II.

"That the said Lee Loon first arrived in the United States at the Port of San Francisco, State of California, ex SS 'China', on July 17, 1909; that the said Lee Loon is now domiciled in, and resides in the City of Lovelock, County of Pershing, State of Nevada, as a permanent resident thereof, and within the District of Nevada, and more particularly within the jurisdiction of this Court.

"That subsequent to his original entry into the United States, he has, at various times, made trips to China and returned therefrom, at all times maintaining his permanent domicile and residence within the United States; that as evidence of his citizenship the said Lee Loon has been issued, and now holds, Certificate of Identity No. 30437, issued May 20, 1920, at the Port of San Francisco, State of California.

## "III.

"That the said Lee Loon was married to Woo Shee, his wife, at Wan Gong (Old) Village, Hoyping District, Kwangtung (Canton) Province, China, on or about February 5, 1909; that said marriage was performed in accordance with the marriage customs and ceremonies there recognized and prevailing; that as a result of the said marriage, there was born to the said Woo Shee and the said Lee Loon, as a lawful issue thereof, a son named [Lee Hung] [Lee Siu] [Lee Jam], on or about [December 15, 1917] [July 20, 1928] [May 25, 1919], at Wan Gong Village, Hoyping District, Kwangtung (Canton) Province,

China, which said son is the plaintiff upon whose behalf this action is brought.

"That the said Lee Loon and the said Woo Shee are also the parents of other children born as a result of said marriage.

\* \* \* \* \* \*

## "V.

"That the said [Lee Hung] [Lee Siu] [Lee Jam], plaintiff herein, is a citizen of the United States under the provisions of Sec. 1993 revised statutes of the U. S. (8 U.S.C.A. § 6) and Secs. 101 and 504 of the Nationality Act of 1940 (54 Stat. 1137; 8 U.S.C.A. § 907).

## "VI.

"That the said [Lee Hung] [Lee Siu] [Lee Jam], plaintiff herein, now temporarily resides at 341 Portland Street, Mongkok, Kowloon, in the British Crown Colony of Hong Kong, and the said [Lee Hung] [Lee Siu] [Lee Jam] hereby claims the County of Pershing, State of Nevada, as his permanent residence.

## "VII.

"That for over six (6) years last past the said plaintiff has presented various and sundry applications to the American Consul at Canton, China, and in the British Crown Colony of Hong Kong, for permission to enter the United States as a citizen thereof and/or for the purpose of having his claim to citizenship passed upon and adjudicated by the Immigration and Naturalization Service of the United States and, despite said repeated applications, the said plaintiff has been unable to secure a visa, permit or permission to travel to and enter the United States from the said American Consul; and, the said American Consul has refused to grant said application, visa or permit to travel to the United States for reasons that are unknown to plaintiff herein."

In Acheson v. Yee King Gee, 9 Cir., 184 F.2d 382, 384, the Court said: "The complaint alleged that appellee claims his permanent residence as Seattle, Washington, where his father resides. The allega-

tion sufficed to invoke the jurisdiction of the court below".

Whether the complaint in Acheson v. Yee King Gee alleged a denial of a claimed right or privilege as a national upon the ground that claimant was not a national of the United States, does not appear from the opinion of the Court in that case, however, the question of the necessity of an allegation of such denial does not appear to have been raised. A portion of the opinion showing the matters before the Court is as follows, 184 F.2d 383:

"Both below and here the Secretary has urged but two propositions, (1) that the district court was without jurisdiction to entertain the suit, and (2) that the father had not resided in the United States for the required ten years prior to appellee's birth. We agree with the trial court that the Secretary is wrong on both counts.

"[1] The first point has to do really with venue rather than jurisdiction. The contention is that in the circumstances of the case the only court in which action might be brought was the district court for the District of Columbia, where the Secretary resides."

The second point or contention raised in the Acheson v. Yee King Gee case, supra, was not raised here.

█ As a jurisdictional prerequisite, it must appear from a complaint under 8 U.S.C.A. § 903 that a plaintiff who claimed a right or privilege as a national of the United States was denied such right or privilege by any Department or agency, or executive official thereof, upon the ground that he is not a national of the United States. No such denial appears in any of the complaints here.

Rule 8(a), Federal Rules of Civil Procedure, 28 U.S.C.A. provides: "Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, * * *."

Rule 12 (h) (2), Federal Rules of Civil Procedure, provides: "That, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. * * *"

█ Each of the complaints of the said plaintiffs should be dismissed for the reason that in none of said complaints is there a compliance with Rule 8(a) (1), Federal Rules of Civil Procedure, there being no allegation in any of said complaints that the plaintiff therein claimed and was denied a right or privilege as a national of the United States upon the ground that he is not a national of the United States.

Further, defendant's motion to dismiss each of the complaints should be granted for the reason that none of said complaints contain an allegation of a denial of a claimed privilege as a national of the United States upon the ground that claimant is not a national of the United States.

It is ordered that unless the plaintiff in the action entitled Lee Hung, plaintiff, v. The Honorable Dean Acheson, as Secretary of State of the United States, defendant, amend his complaint as suggested herein within thirty (30) days from the date of the filing of this Order, the Court will, upon application of the defendant, enter its Order dismissing the action.

It is ordered that unless the plaintiff in the action entitled Lee Siu, plaintiff, v. The Honorable Dean Acheson, as Secretary of State of the United States, defendant, amend his complaint as suggested herein within thirty (30) days from the date of the filing of this Order, the Court will, upon application of the defendant, enter its Order dismissing the action.

It is ordered that unless the plaintiff in the action entitled Lee Jam, plaintiff, v. The Honorable Dean Acheson, as Secretary of State of the United States, defendant, amend his complaint as suggested herein within thirty (30) days from the date of the filing of this Order, the Court will, upon application of the defendant, enter its Order dismissing the action.