**MOYNIHAN v. ELLIOTT.**

No. 13652.

United States Court of Appeals
Fifth Circuit.

April 5, 1952.

L. J. Cushman, Miami, Fla., for appellant.

Benjamin E. Carey, John C. Sullivan, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal from a judgment dismissing the action for want of the requisite diversity assails the judgment[1] as erroneously entered. In support of her position, that it was, appellant makes three contentions.

The first of these, and the one mainly labored, is: that Secs. 41(1) and 80, Title 28 U.S.C., invoked and applied below, while in force and fully effective on Jan. 12, 1948, when the suit was filed, were not effective in 1951, when the tendered issue was tried and the dismissal order entered; that effective Sept. 1, 1948, they had been repealed and replaced by Sections 1332 and 1359, Title 28.[2]

The second is: that the suit was not upon the promise of the defendant to pay, evidenced by the notes as originally executed to Kirn and by him assigned to her husband, but upon the promise to pay made by defendant to her husband in the extension agreement, a new and independent contract; and that, regardless of the citizenship of Kirn, the original assignor, the suit was maintainable upon the ground of the diversity of citizenship between her husband and herself and the defendant.

Her third contention is that the finding, as to the citizenship of Kirn, the original assignor, was erroneous, both because the affidavits received by the court on the issue of citizenship of Kirn, the original assignor, were inadmissible on the trial of the issue of jurisdiction, and because, if admissible, they were not sufficient to overthrow plaintiff's overwhelming evidence to the contrary and to support the finding.

Urging upon us that, with their repeal, the original sections 41(1) and 80 ceased to be effective as to pending cases, while substituted sections, 1332 and 1359, became, and are, the controlling sections in the decision of this cause and supporting this view with arguments and authorities,[3] appellant fur-

---

1. This is the record on which it rests:

   Alleging: that defendant, a citizen of Florida, executed and delivered to one H. O. Kirn three promissory notes; that Kirn assigned them to her husband, a citizen of Massachusetts; that he and defendant had executed an extension agreement as to them, and that her husband had thereafter assigned the notes to her; plaintiff, a citizen of Massachusetts, on Jan. 12, 1948, brought this suit, as assignee of her husband, to recover upon the notes as extended by the agreement.

   At a pre-trial conference, held Jan. 16, 1951, defendant suggested to the court that at the time H. C. Kirn assigned the notes to plaintiff's husband he was a citizen of Florida, and he could not, nor could his assignee, sue in the Federal Court, and, therefore, under 28 U.S.C., § 41(1), the assignee clause, the court did not have cognizance of the suit, and was obliged to dismiss it under 28 U.S.C. § 80.

   Thereafter, the question raised by this suggestion coming on for hearing, the district judge determined: that Kirn, when he assigned the notes, was a citizen of Florida; and that, because he was and because of the assignee clause, the court did not have cognizance of the suit and must dismiss it.

2. § 1332. Diversity of citizenship; amount in controversy.

   "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs, and is between:

   "(1) Citizens of different States;

   "(2) Citizens of a State, and foreign states or citizens or subjects thereof;

   "(3) Citizens of different States and in which foreign states or citizens or subjects thereof are additional parties.

   "(b) The word 'States', as used in this section, includes the Territories and the District of Columbia.   June 25, 1948, c. 646, 62 Stat. 930."

   "§ 1359. Parties collusively joined or made.   A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.   June 25, 1948, c. 646, 62 Stat. 935."

3. (1) The statement in Moore's Commentary on the U. S. Judicial Code, pages 73 and 158, in effect that because of the difficulty in applying the "assignee" clause, Sec. 41(1), and because the statutory provision against the manufacture

ther presses upon us that the "assignee" clause, Sec. 41(1), Title 28 U.S.C.A., was not kept alive and in force by the saving clause of Sec. 39 of the Act of June 25, 1948, 28 U.S.C.A. note preceding section 1, and after the effective date of the Revised Judicial Code was without effect upon the decision of this cause.

Pointing out that the "rights or liabilities" saved by that clause were substantive rights or liabilities and not mere procedural ones, U. S. v. Obermeier, 2 Cir., 186 F.2d 243, and urging that both the original and the repealing sections in question here deal with matters not of substance but of procedure, appellant cites Larkin v. Saffarans, 15 F. 147, as of controlling significance.

Calling to our attention that many procedural rights, of long standing and of great value to parties, have been swept away in the Revised Judicial Code, she cites: Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 959, 93 L.Ed. 1207; U. S. v. National City Lines, 337 U.S. 78, 69 S.Ct. 955, 93 L.Ed. 1226, and Kilpatrick v. Texas, Etc. Ry. Co., 337 U.S. 75, 69 S.Ct. 959, 93 L.Ed. 1223, construing new Section 1404(a); Hadlich v. American Mail Line, D.C., 82 F.Supp. 562, construing Section 1391(c); and Cobleigh v. Epping Brick Co., D.C., 85 F.Supp. 862, construing Section 1446(b), the removal section.

Upon her second contention: that the suit was not upon the promise to pay as originally made in the notes, but upon the promise as evidenced by the contract embodied in the extension agreement;[4] and that, therefore, the suit was maintainable where brought, without regard to the citizenship of the original assignor; she

cites, 35 C.J.S., Federal Courts, § 67, p. 898; Wilson v. Alliance Life Ins. Co., 5 Cir., 108 F.2d 150, and cases cited; and Cyclopedia of Federal Procedure (2nd Ed.), 571–572.

In opposition to appellant's first contention, that the amendatory statutes control, appellee, quoting from Minneapolis & St. Louis R. R. Co., v. Peoria, 270 U.S., 580, 46 S.Ct. 402, 405, 70 L.Ed. 743, "The jurisdiction of the lower court depends upon the state of things existing at the time the suit was brought * * *", insists: that the question of jurisdiction must be determined by the state of the law when the suit was filed, rather than its state when the suit was dismissed; and that to give the amendatory statutes the effect ascribed to them by appellant is to make them act retrospectively.

Upon appellant's second contention, that if the suit is on a new and independent agreement made directly between the assignee and the maker of the note, the assignee clause, if still in force, would be without effect here, appellee does not dispute the correctness of the contention or the authority of Wilson v. Alliance Life Ins. Co., 5 Cir., 108 F.2d 150, on which appellant relies. He insists, though, that there was no new and independent contract here such as there was in the Wilson case where the suit was on an assumption of the debt. In support of this view he cites 39 A. J., "Novation", Sec. 24, p. 269.

Upon the third contention, that there is want of evidence to support the fact finding as to Kirn's citizenship, appellee, citing our case of Town of Lantana v. Hopper, 5 Cir., 102 F.2d 118, insists that the burden was upon the appellant to sustain her claim of federal jurisdiction, and that the affidavits

---

of federal jurisdiction sufficiently carried out the original purpose and function of that clause without striking down good faith assignments, the assignee clause was downrightly repealed; (2) the statement in the Reviser's notes in Sec. 1359, that the intention of the Congress was, by its enactment, to completely eliminate the "assignee" clause as a restriction on the jurisdiction of the federal courts; (3) an article by Holtzoff, 8 F. R. D. 343; (4) a decision of Judge Yankwich in U. S. Lines v. National City Lines, D.C., 80 F. Supp. 734; and (5) a statement by

Prof. Moore, one of the revisers of the Judicial Code, 28 U.S.C. Congressional Service, pp. 1967–8, before the House Judiciary Committee, in effect, that the new Judicial Code constitutes positive law, supersedes prior legislation, and states the law on matters covered by it.

4. McNeil v. Simpson, Tex.Com.App., 39 S.W.2d 835; Davis v. Dorsey, Tex.Civ. App., 79 S.W.2d 343; Orpheus Vaudeville Co. v. Clayton Inv. Co., 41 Utah 605, 128 P. 575; and Buckman v. Hill Military Academy, 182 Or. 621, 189 P.2d 575.

were both competent and effective to support the court's judgment.

Taking up these contentions in inverse order, it is sufficient to say of the third, that the record furnishes no basis for our setting aside the fact finding as to Kirn's citizenship or disturbing the judgment because of it.

Upon the second contention, however, that the suit was on a new and independent contract made directly between appellant's assignor, a citizen of Massachusetts, and the defendant, we are of the clear opinion that the contention is sound in principle and supported by the authorities, and that the judgment dismissing the suit for want of jurisdiction must, therefore, be reversed and the cause remanded for further and not inconsistent proceedings.

Because we are firmly of this opinion, we shall not undertake to decide the merits of appellant's first contention, nor shall we deal with it other than to set out, as we have already done, the views of the parties in respect to it and the authorities on which each relies.

The judgment was wrong. It is reversed, and the cause is remanded for further and not inconsistent proceedings.