## QUONG NGEUNG et al.
## v.
## DULLES, Secretary of State of United States.

United States District Court
S. D. New York.

Dec. 7, 1953.

Samuel B. Waterman, New York City, for plaintiffs.

J. Edward Lumbard, U. S. Atty., New York City, for defendant.

SUGARMAN, District Judge.

Defendant, John Foster Dulles, as Secretary of State moves for an order under Fed.Rules Civ.Proc. rule 12(b)(6), 28 U.S.C.A., dismissing the complaint in an action commenced by plaintiffs under Section 503 of the Nationality Act[1] to establish by declaratory judgment that plaintiff Louie Quong Sang is a citizen of the United States.

The complaint herein was filed on December 23, 1952 but no answer has been served, the defendant's time to answer having been extended by stipulations.

In support of the motion, defendant claims that the complaint fails to state a claim against the defendant upon which relief can be granted because it fails to show that there was any denial of a right or privilege to the plaintiff by the defendant.

An allegation that a plaintiff has been denied a right or privilege upon the ground that he is not a national of the United States is a jurisdictional requirement in this type of case.

Defendant relies on Lee Hung v. Acheson[2] wherein complaints in similar

1. 8 U.S.C.A. § 903, repealed.

2. D.C.D. Nev., 103 F.Supp. 35, 37.

actions were dismissed for failure to state a claim. However, in that case each plaintiff had pleaded that his request for a visa was denied "for reasons that are unknown to plaintiff". In the case at bar the complaint clearly states that plaintiff applied for travel documents, as a citizen, which were refused. Thus, the instant complaint, unlike those in Lee Hung v. Acheson, supra, pleads a claim against the Secretary of State sufficient to survive this attack. Whether that claim can be proven is a matter that must await trial.

■ In his brief, defendant asks that this motion to dismiss under Fed.Rules Civ.Proc. rule 12(b) (6) be considered one for summary judgment, claiming that he is entitled to judgment as a matter of law. The affidavits and exhibits submitted do not resolve the issues of fact in this case, including whether plaintiff in fact was denied a claimed right or privilege as a national of the United States.

The motion is in all respects denied.

Settle order.