**WONG ARK KIT**

v.

**John Foster DULLES, as Secretary of State.**

**Civ. A. No. 52–1437.**

United States District Court, D. Massachusetts.

Jan. 26, 1955.

James E. Fitzgerald, Boston, Mass., Jackson & Hertogs, San Francisco, Cal., for plaintiff.

Anthony Julian, U. S. Atty., James J. Sullivan, Jr., Asst. U. S. Atty., Boston, Mass., for defendant.

WYZANSKI, District Judge.

This case is before this Court on defendant's motion to dismiss or for summary judgment.

December 23, 1952 Wong Ark Kit, then and now in Hong Kong, filed in this Court against the Secretary of State a petition seeking a declaration that plaintiff is a national of the United States. Jurisdiction is claimed under § 503 of the Nationality Act of 1940, 54 Stat. 1171, 8 U.S.C. § 903.[1] Although that section was repealed by § 403(a) (42), 66 Stat. 280 of the McCarran Act, Act of June 27, 1952 proceedings in effect under § 503 of the Nationality Act on December 24, 1952 were preserved by § 405(a) of the said McCarran Act, 8 U.S.C.A. § 1101 note.

Section 503 provided that "If any person who claims a right or privilege as a national of the United States is denied such right or privilege by any Department or agency, or executive official thereof, upon the ground that he is not a national of the United States, such person, regardless of whether he is within the United States or abroad, may institute an action against the head of such Department or agency in the District Court of the United States for the District of Columbia or in the district court of the United States for the district in which such person claims a permanent residence for a judgment declaring him to be a national of the United States."

These are the important allegations of plaintiff's petition.

Plaintiff is the lawful son of Wong Wing Yick. The latter is a citizen of the United States, who holds certificate of identity No. 45187 issued by the United States Immigration Service at Boston, and who was admitted to the United States as a citizen when he arrived at Boston on June 8, 1922 on the S.S. Empress of Canada. November 3, 1927 when on a visit to China, Wong Wing Yick married Gan Shee. Plaintiff, the issue of that marriage, was born September 3, 1928. Wong Wing Yick is a permanent resident of Massachusetts, and Wong Ark Kit claims permanent residence here. About April 1950, "there was caused to be filed with the American Consulate General at Hong Kong, China an application for the issuance of a United States passport * * * in behalf of the plaintiff." That office refused such documentation. The refusal is "an arbitrary and unreasonable * * * denial of a right or privilege of a United States citizen." In an amendment to his pleading filed July 6, 1953 plaintiff adds that "his right or privilege * * * was denied on the ground that he was not a national and/or citizen of the United States."

August 10, 1953 defendant filed a motion to dismiss or for summary judgment "on the ground * * * that the passport application filed by the plaintiff * * has not been denied upon the ground that the plaintiff is not a national of the United States, so as to give this Court jurisdiction under Section 503 of the Nationality Act of 1940." Defendant filed an affidavit supporting the motion; plaintiff filed a counter-affidavit.

The opposing affidavits are substantially in agreement on what are at this stage of the case the material facts.

As developed by plaintiff, the story is as follows. In connection with the application made to the Consulate for plaintiff's passport, on February 23, 1950 one Wong Wing Gock filed an affidavit in which he claimed that he was plaintiff's uncle, that Wong Wing Yick was his

1. 1952 Revision, 8 U.S.C.A. § 1503.

brother, that both he and Yick are citizens, that Yick's status was duly confirmed by the immigration authorities at Boston, that Yick had married Gan Shee, and that Kit was their legitimate child. In 1951 the Consul directed Kit to ask Gan Shee, his mother, to appear at the Consulate. Kit reported this direction to the "uncle" who had by then returned to California. September 17, 1951 the "uncle's" American lawyer wrote the Consulate that Gan Shee could not secure permission from the Chinese authorities to enter Hong Kong. Again on August 29, 1952 that lawyer wrote that although the Consulate had "directed [Kit] to produce his mother as a witness * * * this appears to be impossible" and "considerable evidence has been offered in behalf of the applicant and with reference of [sic!] his [sic!] inability of his relatives to reach Hong Kong. If possible, please process the application with the evidence at hand". September 3, 1952 the Consul radioed to the lawyer that "in view lack of evidence support claim Wong Ark Kit regret case cannot be concluded without witness mother". The lawyer made no comment, but on October 16, 1952 he wrote that the father was "in a tubercular hospital, and has no evidence of the applicant's identity and relationship to a citizen". Thereafter, December 4, 1952 the American Consul addressed this letter to the "uncle".

"Reference is made to the affidavit you executed on February 23, 1950, at San Francisco, California, on behalf of your alleged nephew, Wong Ark Kit. In that affidavit you state that Wong Ark Kit's father, Wong Wing Yick, is the bearer of Certificate of Identity No. 45187, issued at Boston. A check of the Boston Immigration and Naturalization Service files reveals that that Certificate of Identity was not issued to Wong Wing Yick. To enable the Consulate General to complete its investigation of this case it would be appreciated if you would carefully examine your records to confirm the information concerning Wong Wing Yick given in your affidavit. It is also requested that you furnish additional information concerning your original admission at Boston, including the number of your Certificate of Identity and your Immigration file number."

December 23, 1952 plaintiff filed this suit. April 10, 1953, the "uncle's" California lawyer informed the Consul General that his client had been advised that there is no way of verifying Yick's certificate number because the certificate was lost.

In defendant's affidavit full support is to be found for the nub of plaintiff's account. It shows that the American Consul General in December 1952 was withholding action in Kit's case until the mother came as a witness and until the uncle submitted further evidence about the father's citizenship. Defendant's affidavit recites that in the file of the American Consulate General at Hong Kong there was as of April 17, 1953 a status report on Wong Ark Kit to the following effect:

"Appointments for final interview on October 25, 1951, and March 17, 1952, canceled for lack of witnesses. Applicant was informed both times that presence of mother as witness would be required. Information on family status provided by applicant's alleged uncle proved to be incorrect. INS, Boston, unable to locate records of applicant's alleged father from information provided by affiant-uncle. There has been no response to our letter of December 4, 1952, to affiant-uncle, requesting more accurate information on applicant's alleged father, who is reported to be in a hospital near Boston. C.I. application executed. Department informed by Hong Kong Despatch No. 1966, April 7, 1953".

On these virtually agreed facts the question is whether on the date this suit was begun, the Consul had already denied plaintiff's application.

In deciding whether a consulate has denied a passport application

874

in such a manner as to confer jurisdiction under § 503, the controlling facts are those existing at the date suit is brought, Junso Fujii v. Dulles, D.C., D.Hawaii, 122 F.Supp. 260, 262–263. The simplest way to show that the court has jurisdiction is to prove that the consulate explicitly refused travel documents on the ground the applicant was not a citizen. See Quong Ngeung v. Dulles, D.C., S.D. N.Y., 117 F.Supp. 498. Without going that far, it is sufficient if the petitioner shows that after receiving all the evidence tendered by him, the Consul reached a final conclusion that that proof was insufficient to warrant issuance of a passport. Lee Wing Hong v. Dulles, 7 Cir., 214 F.2d 753, 576–757; Ow Yeong Yung v. Dulles, D.C., N.D.Cal., 116 F.Supp. 766, 768. It may even be sufficient if petitioner shows that the Consul unreasonably delayed a final decision and held "in abeyance" his conclusion, Nuspel v. Clark, D.C., E.D.Mich., 83 F.Supp. 963, 966, or let the matter lie and did not explain his inaction. But see Lee Hung v. Acheson, D.C., D.Nev., 103 F.Supp. 35, 37, 38; Junso Fujii v. Dulles, supra.

■ However, a petitioner does not prove that kind of denial which is a condition precedent to jurisdiction under § 503, if on the day suit was begun the Consul had asked for additional information and was in good faith holding up his decision until the applicant either gave the information or notified the Consul of a lack of ability or intention to supply the requested information. Ling Share Yee v. Acheson, 3 Cir., 214 F.2d 4. See Aldrich, D. J., in Ju Shu Cheung v. Dulles, D.C.Mass., 16 F.R.D. 550.

■ The foregoing principles can be readily applied to the case at bar. Consistently beginning in 1951, the Consul had indicated that he would not issue a passport unless Kit produced his mother in person and also supplied more information about his father. Kit's "uncle's" lawyer had told the Consul on September 21, 1951 and August 29, 1952 that the mother could not be produced, and had asked for a decision by the Consul. On September 3 the Consul had radioed that Kit's case "cannot be concluded without witness mother". Thus this is a plain case of a consul refusing to grant a passport after he has been told that the applicant wants a decision on the evidence submitted because none other is available. A consul's refusal to "conclude" a case under these circumstances is an implied "denial" of a passport, and is, within the meaning of § 503, a case where a person is denied a privilege as a national of the United States upon the ground that he is not a national. Lee Wing Hong v. Dulles, 7 Cir., 214 F.2d 753, 756–757.

No one has raised the question whether the venue of this suit has been properly laid in Massachusetts. Perhaps, although plaintiff is an adult who has never been in the United States, the government is persuaded that under § 503 he is one who can properly claim as his residence the residence of his father. See Look Yun Lin v. Acheson, D.C., N.D. Cal., 87 F.Supp. 463, 465.

Motion to dismiss or for summary judgment denied.