229 F.2d 244
 YUNG JIN TEUNG, as father and next friend of Yung Quock Kew, a minor, and Yung Quock Kew, Plaintiffs,
v.
John Foster DULLES, as Secretary of State of the United States of America, Defendant.
YEE YIN, as father and next friend of Yee Fook, and Yee Fook, Plaintiffs,
v.
John Foster DULLES, as Secretary of State of the United States of America, Defendant.
GONG GEN DUCK, as brother and next friend of Gong Gen Ning, and Gong Gen Ning, Plaintiffs,
v.
John Foster DULLES, as Secretary of State of the United States of America, Defendant.
FONG YET YING, as father and next friend of Fong King Gim, and Fong King Gim, Plaintiffs,
v.
John Foster DULLES, as Secretary of State of the United States of America, Defendant.
MAR LIN, as father and next friend of Mar Ngew, a minor, and Mar Ngew, Plaintiffs,
v.
John Foster DULLES, as Secretary of State of the United States of America, Defendant.
NGAI SHEUNG SUEY, as brother and next friend of Ngai Sheung Foon, and Ngai Sheung Foon, Plaintiffs,
v.
John Foster DULLES, as Secretary of State of the United States of America, Defendant.
HOM UNG, as father and next friend of Hom Foon Yee, and Hom Foon Yee, Plaintiffs,
v.
John Foster DULLES, as Secretary of State of the United States of America, Defendant.
WOON YOU KOON, as brother and next friend of Woon You Kee, and Woon You Kee, Plaintiffs,
v.
John Foster DULLES, as Secretary of State of the United States of America, Defendant.
WONG KIM LEONG, as father and next friend of Wong Seng Lim, Wong Goon Ngew and Wong Yook Min, and Wong Seng Lim, Wong Goon Ngew and Wong Yook Min, Plaintiffs,
v.
John Foster DULLES, as Secretary of State of the United States of America, Defendant.
WONG FOOK, as father and next friend of Wong Shee Tong and Wong Shee Fong, and Wong Shee Tong and Wong Shee Fong, Plaintiffs,
v.
John Foster DULLES, as Secretary of State of the United States of America, Defendant.
 Nos. 19-28.
 Dockets 23414-23423.
 United States Court of Appeals Second Circuit.
 Argued December 5, 1955.
 Decided January 20, 1956.
 
 Samuel B. Waterman, New York City, for plaintiffs.
 Leonard P. Moore, U. S. Atty., for the Eastern District of New York, Brooklyn, N. Y. (Margaret E. Millus, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for defendant.
 Before SWAN, FRANK and LUMBARD, Circuit Judges.
 LUMBARD, Circuit Judge.
 
 
 1
 These are consolidated appeals in ten similar cases brought under § 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903,* which gave District Courts jurisdiction under certain circumstances to grant declaratory judgments determining citizenship. The suits were brought in December 1952 just a few days before the effective date of the Act of June 27, 1952, § 403(a) (42) which repealed the Act of 1940 subject to certain savings clauses contained in § 405, 8 U.S. C.A. §§ 1101 note.
 
 
 2
 Plaintiffs are all persons of Chinese origin who have sought passports enabling them to enter the United States, claiming citizenship by virtue of the citizenship of their fathers. All contended that they had been denied a right or privilege of citizenship at the time they instituted their suits. On affidavits and other documents presented by the parties, the District Court granted the Government's motion for summary judgment on the ground that it had no jurisdiction under § 503* since the passport applications were still pending at the time of suit and no determination had been made denying the applications. § 503 provided: "If any person who claims a right or privilege as a national of the United States is denied such right or privilege by any Department or agency * * * upon the ground that he is not a national of the United States, * * * such person * * * may institute an action * * * for a judgment declaring him to be a national of the United States."
 
 
 3
 The question in each of these ten cases is whether the documents properly before us demonstrate that no right or privilege of citizenship had been denied the plaintiff at the time he brought his suit. If there is any relevant issue of fact which the papers do not resolve, then the summary judgments were erroneously granted.
 
 
 4
 First of all we note that the State Department may have effectively determined the plaintiffs' claims of citizenship adversely even though it took no final official action which explicitly constituted such a determination. Thus a passport may be denied on the statutory ground by a refusal to determine a claim of citizenship for an unreasonable length of time, Chin Chuck Ming v. Dulles, 9 Cir., 1955, 225 F.2d 849, or by insisting upon the production of evidence of citizenship when it is clear that the applicant cannot produce it. Wong Ark Kit v. Dulles, D.C.D.Mass.1955, 127 F.Supp. 871; Ow Yeong Yung v. Dulles, D.C.N.D. Cal.1953, 116 F.Supp. 766. On the other hand if a delay in acting on an application is entirely the fault of the applicant, then such delay would not constitute a denial. Thus where the consul informs the applicant that no decision has been reached and requests certain additional evidence, there may yet be no effective denial if the applicant has neither produced additional evidence nor informed the consul that he will not do so. Ling Share Yee v. Acheson, 3 Cir., 1954, 214 F.2d 4, certiorari denied 1954, 348 U.S. 873, 75 S.Ct. 109, 99 L.Ed. 687. We must therefore determine whether the papers here show that there had been no explicit adverse determination of the plaintiffs' claims and, further, that there had been no implicit adverse determination within the principle of these decisions.
 
 
 5
 At the outset we must consider whether in any of the cases the government has presented any evidence or affidavits which were entitled to the consideration of the District Court. In each case the affidavit of the Assistant United States Attorney is not made on personal knowledge, but merely recites what is contained in documents attached thereto. Since the documents themselves are not affidavits we can consider them only if they constitute evidence which would be admissible at trial.
 
 
 6
 In six of the cases (Gong Gen Duck, Yee Yin, Yung Jin Teung, Mar Lin, Woon You Koon and Ngai Sheung Suey) the basic document is a photostatic copy of a paper entitled "Status Reports of Pending Cases in Which Civil Actions Have Been Filed." Each such report contains information as to the history of the passport application and comments under a heading entitled "Principal cause of delay in concluding case." Each contains at the bottom, after the words "Examined by," the signature of an otherwise unidentified individual. Each is accompanied by a photostatic copy of a certificate signed by an authenticating officer of the Department of State for the Secretary or Acting Secretary. The certificate states only that "the document hereunto annexed is a pertinent document from the passport files of [the particular applicant]." In another case (Fong Yet Ying) the documents are the same except that the "Status Report" is a typewritten copy rather than a photostat. And in another (Wong Kim Leong) the "Status Report" is a typewritten copy and there is no certificate of the kind described above.
 
 
 7
 We are of the opinion that these "Status Reports" are not admissible as evidence and that the District Court should not have considered them on the motion for summary judgment. They are not "books or records of accounts or minutes of proceedings" within the meaning of 28 U.S.C.A. § 1733(a). They are not properly authenticated copies as required by 28 U.S.C.A. §§ 1733(b), 1740, and Rule 44, F.R.C.P., 28 U.S.C.A. Both the typewritten copies and the photostatic copies are uncertified. Even the certificate described above appears in the file only as a photostatic copy of the original certificate. Moreover, the documents in the files are not copies of documents which would themselves be admissible, as is required by 28 U.S.C.A. §§ 1733(b), 1740, and Rule 44 F.R.C.P.
 
 
 8
 These "Status Reports" would not be admissible as official records since it does not appear that they relate to matters within the personal knowledge of the persons who made the records and as to which they could testify. Vanadium Corporation v. Fidelity & Deposit Co., 2 Cir., 1947, 159 F.2d 105, 109; Olender v. United States, 9 Cir., 1954, 210 F.2d 795, 42 A.L.R.2d 736; United States v. Grayson, 2 Cir., 1948, 166 F.2d 863, 868; 5 Wigmore, Evidence § 1635. Nor are they admissible under 28 U.S. C.A. § 1732 as records made in the regular course of business as they appear to be reports made for the specific purpose of this litigation such as were held inadmissible in Palmer v. Hoffman, 1943, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645.
 
 
 9
 In two of the cases (Hom Ung and Wong Fook) the documents submitted by the government are of a somewhat different nature than those described above. These documents, however, were typewritten copies, no better authenticated than those described above. In any event they tended to show only that passports had not been explicitly denied. They did not rule out the possibility of implicit denial.
 
 
 10
 Nor does it appear from the plaintiffs' own papers that there was no denial of a passport, explicit or implicit, prior to the commencement of the suits. The plaintiffs' affidavits are very similar. Most of them state merely that the applicant executed a passport application on a certain date, that certain evidence was presented to the consul, and that the consul failed to issue a passport. Clearly the facts asserted in such an affidavit do not rule out the possibility of either implicit or explicit denial of a passport prior to the bringing of these suits in December 1952.
 
 
 11
 In four cases (Yung Jin Teung, Fong Yet Ying, Ngai Sheung Suey and Wong Kim Leong) the plaintiff also attaches to his affidavit a letter from the consul dated in September 1952. (The dates are September 4, 29, 29 and 5, respectively.) This letter states that the documentary evidence theretofore submitted is insufficient, that further documents are required, and that failure to produce such documents will be considered by the Consulate General as an adverse factor in reaching a final decision on the case. In each case the plaintiff's affidavit indicates only that such a letter was received; it does not indicate whether the letter was answered. The sending of such a letter in September 1952 and its subsequent receipt by one of the plaintiffs do not require the conclusion that the plaintiff's claim had not been adversely determined prior to the time when these suits were brought in December 1952. It is quite possible that other acts of the consul after the writing of the letter indicated that the passport had finally been denied, or that prior correspondence between the consul and the applicant had made it quite evident to the consul that the documents requested were not available. Further evidence might even show that there was such a delay by the consul that a denial of the passport could be implied. It should be noted that the statute barring suits after December 24, 1952 was passed in June of 1952, thus putting the government on notice that unless it acted in six months applicants might lose their rights to bring action under the statute.
 
 
 12
 Plaintiffs allege in their complaints that the American consul refused to issue travel documents. In their affidavits they state that there has been a denial of their rights as citizens. If the government had presented affidavits or other competent evidence to show the absence of such denial, it would have been up to the plaintiffs to present some substantial support for these allegations in order to avoid summary judgment. Since the government has presented nothing worthy of our consideration, these allegations suffice to raise an issue of fact and the summary judgments must be reversed.
 
 
 13
 In their argument before us the plaintiffs raised an additional question which we shall consider in order to facilitate further proceedings below. They argued that even if passports were not denied them prior to the commencement of their actions, they may show in support of the District Court's jurisdiction that passports were denied them at some later date.
 
 
 14
 In support of this argument plaintiffs cited Junso Fujii v. Dulles, 9 Cir., 1955, 224 F.2d 906. In the Fujii case the Court held that the "saving clause" of the 1952 Act provides that the new Act shall not affect a suit brought under § 503 of the 1940 Act prior to December 24, 1952 and that such a suit may therefore be maintained even though there was no denial of a right at the time it was brought. This ruling overlooks the fact that even under the 1940 Act such a suit would have had to be dismissed. Under § 503 the denial of "a right or privilege as a national" was a prerequisite to jurisdiction in the District Court. Jurisdiction depends upon the state of things existing at the time suit is brought. Minneapolis & St. Louis Railroad Co. v. Peoria & Pekin Union Railway Company, 1926, 270 U.S. 580, 586, 46 S.Ct. 402, 70 L.Ed. 743. Thus even if § 503 had not been repealed by the 1952 Act, 8 U.S.C.A. § 1101 et seq., it would be necessary to dismiss the suits unless the plaintiffs could show that they had been denied passports prior to commencement of suit. The saving clause of the 1952 Act certainly does not give plaintiffs greater rights than they would have had if that Act had not been passed.
 
 
 15
 The judgments are reversed and the cases remanded for further proceedings consistent with this opinion.
 
 
 
 Notes:
 
 
 *
 Now Immigration and Nationality Act, § 360, 8 U.S.C.A. § 1503